UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORFOLK SOUTHERN RAILWAY
COMPANY,

                Plaintiff,

v.

INTERNATIONAL ASSOCIATION
OF SHEET METAL, AIR, RAIL
AND TRANSPORTATION
WORKERS – TRANSPORTATION
DIVISION, *et al.*,

                Defendants.

_____/

Case No. 2:16-cv-14278
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

## <u>ORDER GRANTING IN PART AND DENYING IN PART UNION DEFENDANT'S MOTION TO COMPEL (DE 36) AND EXTENDING THE DISPOSITIVE MOTION DEADLINE TO AUGUST 4, 2017</u>

This matter is before the Court for consideration of Defendant's motion to compel (DE 36), Plaintiff's response (DE 39), Defendant's reply (DE 40), and the parties' statements of resolved issues (DE 41 and 42). For the reasons that follow, Defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

**I.    BACKGROUND**

This action involves a dispute between Plaintiff, Norfolk Southern Railway Company ("NS"), and the only remaining Defendant, International Association of

Sheet Metal, Air, Rail, and Transportation Workers – Transportation Division ("Union"), over whether NS's plan to use crews based in Toledo, Ohio to implement new rail service between Toledo and three Detroit Edison ("DTE") plants in Michigan violates the terms of their collective bargaining agreement ("CBA"). The decision to use Ohio-based crews apparently came as a shock to the Union Defendants in Michigan.

The dispute in this action is governed by the Railway Labor Act, 45 U.S.C. §§ 151-188 ("RLA"), which differentiates between major and minor CBA disputes, with minor disputes being subject to compulsory and binding arbitration. In this matter, the Court must therefore ultimately determine whether the instant action involves a major or minor dispute. The Supreme Court has described the test to determine whether a dispute is major or minor under the RLA as follows:

> Where an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective-bargaining agreement. Where, in contrast, the employer's claims are frivolous or obviously insubstantial, the dispute is major.

*Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 307 (1989).

It is under these circumstances that Union Defendant has filed the instant motion. The parties in this matter have engaged in some discovery up to this point in time. The discovery matter at issue involves NS's contract with DTE and NS's internal emails relating to that contract. After the parties entered into a stipulated

2

confidentiality agreement, NS provided the Union Defendant with heavily redacted versions of both categories of documents. The Union Defendant asserts that the documents are so heavily redacted that their use is limited, and now seeks a Court order requiring NS to provide unredacted versions.

NS opposes the motion, arguing that the redacted portions of the documents are not relevant in the instant matter and could be prejudicial if released. It points to the stipulated confidentiality agreement, in which the Union Defendants agreed to receive redacted versions of the DTE agreement, and asserts that its production complied with both the Union Defendant's discovery requests and the terms of the confidentiality agreement.

This matter came before me for a hearing on June 20, 2017, at which both parties, through counsel, presented their arguments. I took the matter under consideration and ordered that NS provide redacted and unredacted versions of the documents at issue for an *in camera* review. I received those documents on June 26, 2017 and reviewed them thoroughly. I will address each of the parties' arguments in turn.

## II. STANDARD

The scope of discovery, which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the court. Fed. R. Civ. P. 26(b)(1). The Court's discretion is broad. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). Further, discovery is more liberal than even the trial setting, as Rule 26(b) allows information that "need not be admissible in evidence" to be discoverable. Fed. R. Civ. P. 26(b)(1). However, the court must also balance the "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush,* 161 F.3d at 367). Rule 37(a) allows a party to move for an order compelling "an answer, designation, production, or inspection" if the opposing party has failed to provide a discovery response. Fed. R. Civ. P. 37(a)(3).

### III. ANALYSIS

#### A. DTE Agreement

Union Defendant made the following request for production of documents, which is currently at issue:

> 7. Any and all agreements, letters, correspondence or other communication, in whatever form, Plaintiff has, or has entered into, or exchanged with DET to provide the service that is in dispute in this matter.

4

(DE 36-2 at ¶ 7.)  The parties negotiated this request and ultimately entered into a stipulated confidentiality agreement, which provides in relevant part that:

> 1. NS may mark as "CONFIDENTIAL" the DTE Agreement Documents.  NS may also designate as "CONFIDENTIAL – ATTORNEYS EYES ONLY" those materials which refer to non-public trade secrets of NS or DTE or their affiliates or proprietary information of a confidential nature.  Moreover, NS may redact such confidential information bearing no relation to the dispute herein which is proprietary to either it or DTE.  By way of example, information related to pricing, penalties and service parameters agreed to by NS and DTE shall be redacted from any documents produced.  This would not include any provisions of the DTE Agreement or e-mails between DTE and NS specifying locations at which NS train crews shall report for duty.

(DE 35 at 4, ¶ 1.)  As explained by NS's counsel at the hearing, the redacted version of the DTE agreement was marked as Confidential and no portion was designated as Attorneys Eyes Only.

The Court must therefore determine which portions of the DTE agreement are relevant to the issue of whether the instant dispute is major or minor, subject to the provisions of the stipulated confidentiality agreement.  Union Defendant is entitled to discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5

Fed. R. Civ. P. 26(b). Here, the documents sought are minimal and there is little concern about the burden or expense of the proposed discovery. The main issue centers around the importance of the discovery in resolving the issues. As NS argues, the sole issue in this case is whether its actions are arguably justified by the terms of the CBA. NS asserts that the discovery Union Defendant has requested is irrelevant to the existing dispute because minor disputes "may be conclusively resolved by interpreting the existing agreement." *Consol. Rail Corp.*, 491 U.S. at 305. In making this argument, NS appears to assert that the dispute over whether this issue is a major or minor one is essentially a non-issue. In fact, NS states exactly that in its response brief, in which it posits that "[t]here can be no real dispute that this case involves a minor dispute that must be resolved through mandatory arbitration procedures of the RLA." (DE 39 at 26.) However, if that were so, then the Court would have little if anything left to decide, as arbitration would be compulsory. Instead, the Court's very role in this action—as framed by the requests for declaratory relief in the respective parties' pleadings (DE 1 and 17)—is making the major/minor dispute decision. Accordingly, Union Defendant is entitled to some additional discovery related to the DTE Agreement.

A brief glance at the redacted and unredacted document reveals why Union Defendant is concerned: entire pages are redacted, making it difficult to decipher what is even being discussed and whether or not it could be relevant to determining

6

if NS's actions were substantially justified or frivolous. (*See* pages 6, 9, 11, 29, 32, and 34.) However, it is also clear after my *in camera* review that much of the redacted information, for example, the entirety of page 6, is related to pricing, penalties, and service parameters, as contemplated by the confidentiality agreement. As such, I will not require NS to provide a completely unredacted copy of the document. Based on my scrutiny of the contract, NS is **ORDERED** to provide, **WITHIN FOURTEEN DAYS OF THE DATE OF THIS ORDER**, a revised version of the DTE Agreement, unredacting the following sections and designating them **Attorneys Eyes Only**:

1. Page 3, § 10: the provision between the phrases "successor documents," and "that do not conflict . . . ."
2. Page 4, § 11: the entire third paragraph must be unredacted.
3. Page 8, § 16: the entire paragraph after "(i) Receiver shall ship or cause to be shipped, pursuant to this Contract."
4. Page 9, § 16: the first paragraph, starting after "(iii)."
5. Page 9, § 16: the second paragraph, starting after "(iii)."
6. Page 12, § 18: paragraphs (4) and (6).
7. Page 19, § 26: the entire third paragraph.

    B.    **Internal Emails**

Union Defendant's following discovery requests, relating to NS's internal emails, are also at issue:

> 3. Any and all correspondence relating to the service of the dispute as described in the Complaint, including without limitation, reports, text messages, emails, faxes, and letters sent by any official or employee of NS to any other official or employee of NS.

(DE 36-2 at ¶ 3.)

> 8. Any and all documents and/or agreements, electronic, written or otherwise, that relate or refer to the allegations in the Complaint that support and/or refute any claim made by Plaintiff, including but not limited to internal correspondence or any communications with Defendant or DTE as DTE is defined in the Complaint.

(Id. at ¶ 8.)

NS again asserts that the redacted information is irrelevant to Union Defendant's claims. A review of the emails demonstrates that NS largely complied with Union Defendant's relevant discovery requests in good faith, but only used the "confidential" designation as contemplated by the confidentiality agreement. There are several email provisions that could provide relevant information with respect to Union Defendant's frivolousness argument, and should cause no prejudice to NS so long as they are designated **Attorneys Eyes Only**. Accordingly, NS is ordered, **WITHIN FOURTEEN DAYS OF THE DATE OF THIS ORDER**, to provide Union Defendant with a revised version of its internal emails, unredacting the following sections and designating them **Attorneys Eyes Only**:

1. Bates Stamp 000038: the paragraph beginning "Based on the above information," must be unredacted from "hotel or back to Toledo" to the end of the paragraph.

2. Bates Stamp 000052: the second bullet point must be unredacted. The same bullet point appears on pages 000055, 000059, and 000064.

3. Bates Stamp 000063: all of the first email and the first bullet point of the December 2, 2016 email must be unredacted.

The discovery deadline in this case was **JUNE 13, 2017**. (DE 32.) Other than the provision of the limited discovery as described in this order, that deadline will not be extended. In contrast, the dispositive motion deadline is hereby extended by three weeks to **AUGUST 4, 2017**, as the documents to be produced may end up being utilized in the impending motion practice.

**IT IS SO ORDERED.**

Dated: June 30, 2017
s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 30, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti